## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST          )
FROM THE CZECH REPUBLIC          )
IN THE MATTER OF                 )    Misc. No. 08-
SEVCIK                           )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Czech Republic. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Czech authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Czech authorities seek information from a company which resides in this District. Thus, the information the Czech authorities seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person

appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Czech Republic and hence the request comes well within those

circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte,* and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 2/14/08

# District Prosecution in Znojmo

Rudoleckého 14, 670 28 Znojmo
Fax: 515 209 645, Telephone: 515 209 611, e-mail: osz.zn@quick.cz

1 ZN 778/2006-6                                                                 Znojmo, 28 March 2006

To a competent judicial body in the USA

Subject: **harmed person - Luděk Ševčík – suspicion of a criminal fraud according to § 250 paragraph 1, 2 of the criminal code – appeal for a legal cooperation in a criminal case**

With reference to the article 1 paragraph 2 letter e) of the Contract between the Czech Republic and the United States of America about bilateral legal cooperation in criminal cases dated 4 Feb.1998 the District Prosecution in Znojmo would like to ask for legal help during the criminal trial proceedings carried on because of suspicion of a criminal fraud according to § 250 paragraph 1, 2 of the criminal code.

The crime should have been committed during the time from 8 January 2006 to 5 February 2006. The offender himself hasn't been found yet and it is a person who has been using the following e-mail address: hellen3toivin@yahoo.de. This criminal used a web page www.autoscout24.de to publish his promise to deliver a private car Citroen C5 2,2 HDi, Combi, production year 2001. The car was supposed to be delivered by means of non existing company called Autoscout24.de, Hamburg, Andreas Meyer Strasse 31-35 which communicated through e-mail address infoAutoscout24.de@customer-transaction.com. On the basis of this offer the harmed person Luděk Ševčík, born ▮▮▮▮▮, domiciled at ▮▮▮▮▮ district of Znojmo, paid the amount of 2.700,-EURO ( which is 78.030,- CZK) to the bank account in ▮▮▮▮▮ Lawyer name: Alexandra Dobrici, IBAN: ▮▮▮▮▮ BIC (SWIFT) : ▮▮▮▮▮ Bank address: AV.CONSTITUCION COSLADA, Spain. However the car was not delivered to the harmed person and caused him damage of 78.030,- CZK.

Article § 250 and § 89 of the criminal code of the Czech Republic say:

§ 250

Fraud

(1) Person who will enrich himself or someone else and make damage to someone else's property by means of misleading or who will take advantage of someone else's mistake or will keep a substantial matter secret and this way will cause a damage to someone's property which is not tiny – will be punished by imprisonment up to two years or by business embargo or by money penalty.

(2) Imprisonment for 6 months to 3 years or money penalty is punishment for those who will cause damage stated in paragraph 1 as not small damage.

(3) ............

(4) ............

§ 89

(1) ..........

(14) Damage not tiny is supposed to be a damage reaching at least 5 000 CZK, damage not small is a damage reaching the amount of at least 25 000 CZK, bigger damage is a damage reaching at least 50 000 CZK, considerable damage is a damage of at least 500 000 CZK and damage of a big extent is a damage reaching the amount at least 5 000 000 CZK. These amounts shall be used in a similar way for specification of the benefit, expenses for removing the consequential damage on the environment and on the value of the thing.

(20).........

Based on the complaint made by the harmed person Mr. Ševčík on 14.2.2006 acts of the criminal procedure were taken up and checking information has been going on at the moment. During the process of checking information it was found out that the harmed person received two e-mail messages on 8 January 2006 and 9 January 2006, from hellen3toivin@yahoo.de e-mail address, and two more e-mail messages on 5 February 2006 from christiane.beller@yahoo.de. Internet communication analysis showed that the offender was connected to the Internet by means of IP addresses, which are allocated among others to companies residing in the USA and these are: America Online, AOL, 22000 AOL Way, Dulles, VA, 20166, US. America Online Inc., AOL NOC, 22080 Pacific Blvd., Sterling, VA 20166, USA, LNH Inc., 260 Chapman Road, Suite 205, Newark, DE, 19702, US.

In order to be able to clarify the matter I am asking for a legal cooperation in the way of written reports from the following companies:

- **America Online, AOL, 22000 AOL Way, Dulles, VA, 20166, US,**

- **America Online Inc., AOL NOC, 22080 Pacific Blvd., Sterling, VA 20166, USA,**

- **LNH Inc., 260 Chapman Road, Suite 205, Newark, DE, 19702, US.**

Let the companies inform about the name of the subject or the name of the person who was allocated to the particular IP address on the day and at the time stated below:

1) company America Online, AOL, 22000 AOL Way, Dulles, VA, 20166, US, as far as connection occurred

| Date | Time | +-0000 | IP |
|---|---|---|---|
| 05.02.2006 | 16:10:04 | +0100 | 172.146.82.14 |

2) company America Online Inc., AOL NOC, 22080 Pacific Blvd., Sterling, VA 20166, USA, as far as connection occurred

| Date | Time | +-0000 | IP |
|---|---|---|---|
| 08.01.2006 | 22:47:39 | +0100 | 195.93.60.103 |
| 09.01.2006 | 16:52:50 | +0100 | 195.93.60.143 |

3) company LNH Inc., 260 Chapman Road, Suite 205, Newark, DE, 19702, US, as far as connection occurred

| Date | Time | +-0000 | IP |
|---|---|---|---|
| 09.01.2006 | 15:53:40 | -0000 | 66.241.193.136 |
| 27.01.2006 | 09:04:39 | -0000 | 65.36.154.50 |
| 13.01.2006 | 14:19:58 | -0000 | 65.36.155.114 |
| 14.01.2006 | 11:42:49 | -0000 | 65.36.154.50 |
| 17.01.2006 | 13:41:50 | -0000 | 209.41.179.8 |
| 18.01.2006 | 17:26:14 | -0000 | 65.36.154.50 |
| 19.01.2006 | 19:11:54 | -0000 | 209.41.179.8 |
| 26.01.2006 | 10:38:33 | -0000 | 66.241.206.81 |
| 13.01.2006 | 14:19:58 | -0000 | 65.36.155.114 |
| 26.01.2006 | 22:48:42 | -0000 | 66.241.211.51 |
| 18.01.2006 | 19:26:58 | -0000 | 65.36.154.50 |

Only getting written reports submitted by these companies in the way of a legal help in the USA will enable us to find out information necessary for locating the particular offending person and for clearing up the case.

Thank you for your cooperation

Yours Faithfully

JUDr. Lenka Peroutková
District Prosecutor

Text on the stamp: District Prosecution in Znojmo

## CERTIFICATE OF THE INTERPRETER

As an interpreter of English and Russian, appointed by the Regional Court in Brno on January 12, 1998 and registered under No. 829/96 – I declare that I have made no changes to this translation and that, to the best of my knowledge, this translation is identical to the enclosed original document.
The translation is listed under number 774 in the translation journal.

24. 4. 2006

Signature of the interpreter

*Lenka Tomková*

[Seal: Mgr. Lenka TOMKOVÁ, tlumočnice pro jazyk anglický a ruský]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE CZECH REPUBLIC ) | |
| IN THE MATTER OF ) | Misc No. 08- |
| SEVCIK ) | |

<u>ORDER</u>

      Upon application of the United States of America; and upon examination of a letter of request from the Czech Republic whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Czech Republic and the Court being fully informed in the premises, it is hereby

      **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Czech authorities as follows:

      1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

      2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Czech Republic, which procedures may be specified in the request or provided by the Czech authorities;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Czech authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2008.


_____
United States District Court Judge